[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12211
Non-Argument Calendar

_____

Agency No. A209-002-514

JUANA LOPEZ-JUAN,[1]
SANTIAGO ALVARADO-LOPEZ,
LORENA NOHEMI ALVARADO-LOPEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 1, 2021)

---

[1]    The Clerk's Office is directed to correct the caption of this appeal as reflected in our opinion.

Before MARTIN, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Juana Lopez-Juan, proceeding pro se as the lead petitioner, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her applications, on behalf of herself and her two children, for asylum pursuant to the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a), withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c).  After a thorough review of the parties' briefing and the record, we dismiss in part and deny in part Lopez-Juan's petition.[2]

I.

We liberally construe pro se briefs.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  Nevertheless, arguments not raised in a pro se petitioner's initial brief are deemed abandoned.  Ruga v. U.S. Att'y Gen., 757 F.3d 1193, 1196 (11th Cir. 2014); see also Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) ("When an appellant fails to offer argument on an issue, that issue is abandoned."); e.g., Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1305 n.1 (11th Cir. 2013) (per curiam) ("Rodriguez did not challenge the denial of CAT

---

[2]    Lopez-Juan did not file a brief in reply to the government's response brief.

relief before the BIA or in his brief to this Court.  Therefore, we do not address his CAT claim.").  Likewise, when a petitioner "makes only a passing reference in [her] brief" to an issue, that issue is also deemed abandoned.  Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1352 (11th Cir. 2009); e.g., Mu Ying Wu v. U.S. Att'y Gen., 745 F.3d 1140, 1152 n.12 (11th Cir. 2014) ("Wu and Zhang have abandoned any claim regarding their eligibility for CAT relief because, on appeal, they make only a one-sentence passing reference to this issue.").  A simple statement in a brief "that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal." Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009).

## II.

Our jurisdiction is limited to those issues that the petitioner has exhausted in the immigration administrative process.  We "may review a final order of removal only if . . . the [noncitizen] has exhausted all administrative remedies available to the [noncitizen] as of right."  8 U.S.C. § 1252(d)(1).  "We have interpreted that requirement to be jurisdictional, so we lack jurisdiction to consider claims that have not been raised before the BIA."  Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003) (collecting cases).  Therefore, "if an [noncitizen] fails to raise her claim before the BIA, 'we lack jurisdiction to consider it under the clear dictates of circuit precedent.'"  Xiu Ying Wu v. U.S. Att'y Gen., 712 F.3d 486, 492 (11th Cir.

2013) (quoting Amaya–Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th

Cir. 2006) (per curiam)); see also Jeune v. U.S. Att'y Gen., 810 F.3d 792, 800

(11th Cir. 2016) ("[W]hen a petitioner has neglected to assert an error before the

BIA that he later attempts to raise before us, the petitioner has failed to exhaust his

administrative remedies." ).

In our review, we consider only the BIA's decision as the final judgment

unless the BIA expressly adopted the IJ's decision or reasoning. Gordon v. U.S.

Att'y Gen., 962 F.3d 1344, 1347 (11th Cir. 2020). "We do not consider issues that

were not reached by the BIA." Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403

(11th Cir. 2016) (per curiam) (citing Seck v. U.S. Att'y Gen., 663 F.3d 1356, 1369

(11th Cir. 2011)).

## III.

The BIA did not expressly adopt the IJ's decision in this case, and

accordingly, we only review the BIA's order and only the issues the BIA reached.[3]

The BIA made two main holdings: (i) that Lopez-Juan had not established that she

was a member of a protected group and thus was not eligible for asylum or

withholding of removal and (ii) that she had not established eligibility for CAT

---

[3]     While Lopez-Juan's brief refers to errors of the "immigration judge" and the "judge," we liberally construe her arguments to be about purported errors of the BIA.

4

protection because she had not demonstrated that she would likely be tortured by or at the instigation of or with the consent or acquiescence of a public official.

Lopez-Juan fails to address in her brief on appeal her eligibility for protection under the CAT and therefore has abandoned any such challenge. See Sepulveda, 401 F.3d at 1228 n.2 (concluding petitioner had abandoned application for CAT relief because she "d[id] not raise any challenge in her brief to the denial of relief"). Even so, we are without jurisdiction to consider any arguments regarding Lopez-Juan's application for CAT relief anyway because she failed to exhaust her administrative remedies by not raising a challenge before the BIA to the IJ's determination that she was not eligible for CAT relief for virtually the same reason—the failure to prove it was more likely than not that Lopez-Juan would face torture by or with the consent of or acquiescence of a public official in the government of Guatemala. Instead, she only argued in her brief to the BIA that she had established past persecution and a well-founded fear of future persecution. Thus, we are without jurisdiction to review the BIA's decision on CAT relief and dismiss that part of the petition. See Xiu Ying Wu, 712 F.3d at 492. Therefore, we proceed to discuss Lopez-Juan's arguments about asylum and removal.

To successfully apply for asylum, it is the petitioner's burden to establish that she meets the INA's definition of refugee. 8 U.S.C. § 1558(b)(1). She must demonstrate her eligibility for asylum with specific and credible evidence to

establish (1) past persecution on account of a statutorily protected ground, or (2) a "well-founded fear" that she will be persecuted on account of a protected ground. 8 C.F.R. § 208.13(b).  The applicant must show a nexus between the alleged persecution and a statutorily protected ground, which requires a showing "that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i).

Similarly, to qualify for withholding of removal, a petitioner must demonstrate that, if removed to her country, her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion."  Id. § 1231(b)(3).  "The [noncitizen] bears the burden of demonstrating that it is more likely than not she will be persecuted or tortured upon returning to her country."  Amezcua-Preciado v. U.S. Att'y Gen., 943 F.3d 1337, 1342 (11th Cir. 2019) (per curiam) (quoting Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006) (internal quotation marks omitted)).  "This standard is more stringent than the 'well-founded fear' standard for asylum," and thus if the petitioner "cannot meet the 'well-founded fear' standard for asylum, it is *a fortiori* that he cannot meet the withholding of removal standard."  D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004); e.g., De Quan Yu v. U.S. Att'y Gen., 568 F.3d 1328, 1334 (11th Cir. 2009)

(per curiam) ("Since Yu does not qualify for asylum, he necessarily fails to satisfy the more stringent standard of proof for withholding of removal.").

For both asylum and removal relief, Lopez-Juan relied on the same theory that she was a member of a particular social group, which was defined slightly differently throughout the proceedings but was generally Guatemalan women and children who lack male protectors. The BIA's order concluded that Lopez-Juan had not established eligibility for either form of relief because (i) she had not presented evidence that Guatemalan society perceives, considers, or recognizes persons sharing the particular characteristics of the group that she alleged she was a part of and (ii) the group she alleged was impermissibly circularly defined. The BIA noted that Lopez-Juan had not pursued another theory that was listed in her application—that she was persecuted based on a political opinion—because she had not meaningfully identified a political opinion that she held, nor did she argue before the BIA that political opinion was a central reason for her claims.

We do not reach the merits of the issues regarding asylum and removal because Lopez-Juan fails to challenge in her appellate brief the dispositive conclusions of the BIA regarding her applications, namely that she failed to establish that the asserted social group is one that is socially distinct and perceived in Guatemala. Nor does she address the BIA's conclusion that the group she alleged was circularly defined. She merely mentions her proposed social group in

7

one sentence without argument or discussion in support, which is not enough to preserve an issue for appeal. See Kazemzadeh, 577 F.3d at 1352; Mu Ying Wu, 745 F.3d at 1152 n.12. Furthermore, she does not challenge the BIA's conclusion regarding the political opinion basis for asylum or removal relief. Therefore, there is no argument that the BIA erred in concluding that Lopez-Juan failed to establish she was a member of a cognizable social group and thus was not eligible for asylum or withholding of removal.

Instead, Lopez-Juan's appellate brief largely includes arguments concerning whether the harm that she alleged rose to the level of persecution for relief under the relevant laws. She argues that she experienced an assault at the hands of her brother on one occasion and was harassed by kidnappers who threw rocks and made loud noises at night at her home in Guatemala where she lived with her children. Such arguments are not properly before us because the BIA did not address whether Lopez-Juan had a well-founded fear of persecution or had experienced past persecution as evidenced by the incidents she describes. Therefore, we do not consider these arguments. See Gonzalez, 820 F.3d at 403.

Similarly, Lopez-Juan's argument that the BIA failed to consider all of the harm she suffered in the cumulative is also about an issue not reached by the BIA. Having found that she failed to establish a cognizable social group, the BIA concluded that Lopez-Juan had not established the requisite nexus between a

protected ground and the asserted persecution, which would not have changed regardless of consideration of the alleged incidents of persecution cumulatively or individually.  Even so, the argument is only mentioned in one sentence and in passing, which is not enough to preserve the issue for review.[4]  See Kazemzadeh, 577 F.3d at 1352; Mu Ying Wu, 745 F.3d at 1152 n.12.

For the foregoing reasons, we dismiss the petition for review of the denial of Lopez-Juan's application for CAT relief and deny the petition for review of the denial of her applications for asylum and withholding of removal.

PETITION DISMISSED IN PART AND DENIED IN PART.

---

[4]    We need not and do not reach the government's argument that, in the alternative, the BIA's denial of Lopez-Juan's application is supported by substantial evidence.